No. 30,772.

FRANK REED, JR., *Appellant*, v. THE ATCHISON, TOPEKA & SANTA FE
RAILWAY COMPANY, *Appellee.*

(16 P. 2d 482.)

Opinion filed
December 10, 1932.

*H. O. Trinkle,* of Garden City, for the appellant.

*William R. Smith, Alfred A. Scott, C. J. Putt,* all of Topeka, *William Osmond* and *A. M. Fleming,* both of Garden City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Frank Reed, Jr., brought this action against the Atchison, Topeka & Santa Fe Railway Company, seeking to recover damages for personal injuries sustained by him while loading horses from the stockyards to cars on the defendant's track. A demurrer was presented to the averments of the plaintiff's petition. The court sustained the demurrer, holding that the facts alleged showed that the plaintiff was guilty of contributory negligence and was not entitled to recover in the action. Plaintiff appeals.

The accident occurred at the stockyards at Syracuse, and from the allegations it appears that the stockyards consisted of a number of separate pens lying on both sides of a loading pen leading up to a chute used for transferring live stock into the cars. The pens, including the loading pen, were inclosed by a fence, and on the top of the fence a broad plank was laid upon which the stockmen were in the habit of passing in transferring the stock into the cars. There was a gate leading from the loading pen into a chute, and on the top

of this gate there was no plank walk. The top of the gate was simply the narrow edge of the plank. The plaintiff alleged:

"That while in the act of loading said stock the gate which opens and closes the chute, leading from the said loading pen to the cars, and which gate had been ·opened, fell down and across the entrance to said chute. That at this time plaintiff was on the board walk on top of the fence of said loading pen, and just north of the gate on the west side thereof; that on seeing that the gate to the chute had' fallen down and blocked the entrance to the chute and cars, he started to walk around on top of the fence on said walk to remove the same. That there was no walk above and over the said gate on the west side of said loading pen, and that it was necessary for him to step on the top of said gate in order to step to the walk at the south end of said gate, and which walk extended to the said chute. That on stepping on the top of said gate, because of the decayed and rotten condition of the post to which the said gate was fastened, when shut by means of a metal hook and eye, and because of the unsafe and insecure means of fastening the said gate shut, the said gate became unfastened from said post, and swung open when one of the horses in said pen backed into and against said gate, causing plaintiff to fall to the ground among said live stock; that he was instantly kicked by one of said horses and his right leg was broken thereby, both bones of his leg being broken between the knee and' the ankle; and that he has been greatly injured and damaged thereby."

· The petition further states:

"That the time of the injuries herein complained of there was no such walk over and above the gate which formed a part of the west side of said loading pen, this being the gate which swung open and caused plaintiff to fall among said horses as aforesaid."

It is alleged that defendant was negligent in failing to have a plank walk over the gate and in maintaining it in a defective condition, and also that the plaintiff had a right to use the gate as a passageway from one side of the pen to the other.

The gate was a moving and swinging appliance and manifestly not designed as a way of travel. Whether or not a plank could have been placed on the top of the gate and used for travel, it is alleged that none had ever been placed on it, and that was distinctly apparent to plaintiff when he undertook to cross from one side of the pen to the other over the top of a gate, a walk about two inches wide. It was obvious to him that it was not intended as a passageway and that it would be a daring and reckless act to attempt to walk over it.

Plaintiff states that the gate was defective in several respects, but however strong, fit and firm it might have been made, it would be a rash and foolhardy act to walk over the edge and top of the gate. The peril of the act would have been almost as reckless as to have

ventured to walk on a rope that had been stretched over the space occupied by the gate.

There is some obscurity in the pleading about a gate having been knocked down by a horse backing against it, but plaintiff alleges that he stepped on the top of the gate and fell to the ground and thereby suffered the injuries for which damages are sought. Granting that it would have been practicable to have put a plank on the top of the gate for use as a walk, it was plainly perceptible that it had not been done, and plaintiff's act as alleged by himself makes a clear case of contributory negligence which necessarily bars a recovery of damages.

The judgment is affirmed.